### BOWERS v. NORWICH PHARMACAL CO.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

　　Evidence in an action to recover for the death of an employé considered, and *held* to show contributory negligence.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 987–996.]

Appeal from Trial Term, Chenango County.

Action by Elsie Bowers, as administratrix of Francis J. Tootell, against the Norwich Pharmacal Company. Judgment for plaintiff, and defendant appeals. Reversed.

The action is to recover damages for the negligent killing by the defendant of the plaintiff's intestate. The deceased was employed by the defendant as a day laborer in the construction of a six-story brick building. On the day of the accident he was engaged in removing wheelbarrow loads of brick from a freight elevator on the sixth floor of the building, and wheeling them to workmen at different points on that floor. The elevator was operated by an engine in the basement of the building, which turned a drum, around which

a rope was coiled, which passed over a pulley at the top of the elevator well, and which was attached to a ring in the top of the elevator frame. It was the custom to give signals by pulling a cord attached to a bell when the elevator had reached the proper floor, which served to notify the engineer to stop the elevator. In addition to the bell, there were marks upon the rope at two different places, one indicating that the elevator was at the fifth floor, and one some distance from it, indicating that, if the engineer did not get the bell signals, he should stop the engine. On the afternoon of the day in question, while the elevator was moving up slowly with a barrow load of brick, Tootell jumped onto it while it was in motion. It continued moving upwards to the cross-beam, from which it was suspended, the rope attached to it parted, and the elevator with him on it fell to the bottom of the well, and he received injuries from which he died soon thereafter. No signal was given by him or by any one else to stop the elevator. The action is brought under the employers' liability act (chapter 600, p. 1748, Laws 1902), as well as under section 18 of the labor law (chapter 415, p. 467, Laws 1897).

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

H. C. & V. C. Stratton, for appellant.
Kuntzsch & Miller, for respondent.

CHESTER, J. We think this judgment cannot be sustained for the simple reason that at the time the decedent was killed he was not exercising due care and diligence. On the contrary, the evidence clearly shows that, in violation of repeated instructions to him, he jumped on the elevator while it was in motion, and gave no signal for it to stop, which he could readily have done after getting on it, and thus by his own want of care the accident was caused. He was fully informed as to the manner of giving the signals by means of the cord attached to the bell, and for an hour before the accident he alone had given them. There was no evidence in the case tending to show that it was necessary for the decedent in performing his work to get on the elevator while it was in motion. The jury were instructed by the court that if they found that he was instructed not to get on the elevator while it was in motion, and he violated that instruction, there could be no recovery, and their verdict must be for the defendant. The court was evidently of the impression that on this branch of the case there was a question for the jury, but we fail to find any conflict in the evidence. Several disinterested witnesses testify that Tootell was instructed to keep off the elevator while it was in motion, and there was also a notice posted to all the employés to that effect, and there was no evidence to the contrary. It is manifest that if these instructions had been followed, and Tootell had waited for the elevator to stop before getting on it to remove the barrow of brick, he would not have been injured. Upon the evidence he was guilty of contributory negligence as a matter of law, and the complaint should have been dismissed.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.

JOHN M. KELLOGG, J. (concurring). The injury to plaintiff's intestate was caused by two negligent acts. First. The engineer failed to notice the mark on the rope which indicated that the elevator was

at the fifth floor, and which was a signal to him to slow down the engine, so that, when the mark on the rope for the sixth floor arrived, he could shut off the power. He failed to see the first mark, but, upon seeing the second, slowed down, instead of stopping the engine, thinking that he had arrived only at the fifth floor. He was a co-employé of the intestate, and was negligent in his duty as such. He was not negligent in performing any duty of superintendence. Second. Plaintiff's intestate failed to ring the bell which was the signal to notify the engineer that the elevator had arrived at the sixth floor. That duty rested upon him, and he had been performing it for some time previous. No other person present was charged with that duty. The falling of the elevator, therefore, resulted primarily from his negligence. The defendant has not been shown negligent, and the plaintiff's intestate was not shown free from contributory negligence.